UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AARON D. OSTINE            ]
    Plaintiff,             ]
                           ]
v.                         ]      No. 3:12-0758
                           ]      Judge Trauger
LT. HARRIS NICHOLSON, et al. ]
    Defendants.            ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Cheatham County Jail in Ashland City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Lt. Nicholson, a member of the Jail's staff, and the Cheatham County Jail, seeking injunctive relief and damages.

The plaintiff claims that the defendants have failed to provide him with access to a law library in violation of his constitutional rights.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks relief not from the individually named defendants but from the entity for which the defendants are an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473

U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Cheatham County, the municipal entity that operates the Cheatham County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Cheatham County or its agent, the Cheatham County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Cheatham County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Cheatham County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge